AMASA HOLMES & another *vs.* OLD COLONY RAILROAD COR-
PORATION.

A railroad corporation, who lease to an individual a house owned by them, he paying them a certain sum annually and " half the net proceeds arising from keeping said house as a hotel," and keeping an account open to their inspection, and giving his own time and attention, and having free passage over their railroad for himself and all persons employed and all articles used by him in carrying on the house, do not thereby become partners, even as to third persons, in the business of keeping the house.

ACTION OF CONTRACT against James S. Parker, Henry C. Tribou and the Old Colony Railroad Corporation, described as copartners and keepers of the Samoset House in Plymouth, under the style of Parker & Tribou, to recover for supplies furnished by the plaintiffs to that hotel. Parker and Tribou pleaded certificates of discharge in insolvency, and the plaintiffs discontinued against them ; and the plaintiffs and said corporation submitted the case to the decision of the court upon the following facts :

This corporation, whose railroad extends from Boston to Plymouth, being owners of the Samoset House, leased it and the furniture therein to Parker and Tribou, upon the following terms : That Parker and Tribou should pay the corporation, out of the net profits of keeping the house, the yearly " sum of five hundred dollars for the use of the furniture, and one half the net proceeds arising from the keeping the said house as a hotel ; " and should keep an exact account of all receipts and expenditures, open at all times to the inspection of said corporation ; and should give their own time and attention, free of charge ; and pay all bills contracted by them in keeping said house, " the amount of said bills to be deducted from the receipts, and the balance, if any, to be equally divided between the said corporation and Parker and Tribou ; " and should have free passage over the railroad of the corporation for themselves, and all persons employed by them in carrying on the house, and all articles for the use of the house ; and they agreed to " pay the rent aforesaid," and not to assign or underlet without the written

consent of the corporation; and, at the termination of their occupation, return the furniture to the corporation in good order and condition, wear and tear arising from a reasonable use thereof, and loss by fire excepted.

*S. J. Gordon,* for the plaintiffs. By the agreement between the corporation and Parker and Tribou, the corporation contributed their house and the service of their railway, and Parker and Tribou contributed their labor. The parties had joint power in the management, and an equal interest in the return which might be expected, and the corporation had a right to an account, which is inconsistent with the supposition that the agreement created the relation of landlord and tenant only. There was a community of service, of rights and of profits. The agreement to have a joint interest in, and to share the profits, as profits arising from the use of property and skill, constituted a partnership. Collyer on Part. §§ 18, 28, 35, 44. *Champion* v. *Bostwick,* 18 Wend. 183. *Bailey* v. *Clark,* 6 Pick. 372. *Cushman* v. *Bailey,* 1 Hill, (N. Y.) 526. *Griffith* v. *Buffum,* 22 Verm. 181. *Dob* v. *Halsey,* 16 Johns. 34. *Holt* v. *Kernodle,* 1 Ired. 199. *Cheap* v. *Cramond,* 4 B. & Ald. 669.

*C. G. Davis,* for the defendants.

DEWEY, J. It is contended on the part of the plaintiffs, that the stipulations existing between the Old Colony Railroad Corporation and Parker and Tribou, the lessees of the hotel called the Samoset House, in relation to the leasing of said house, were such as to render the Old Colony Railroad Corporation a partner in the concern, and liable, as such, to creditors who may have furnished provisions and other articles for the hotel, at the request of Parker and Tribou.

Such copartnership is supposed to arise from the agreement between these parties, providing that the Old Colony Railroad Corporation shall receive for the use of the premises leased, in addition to the sum of five hundred dollars for the use of the furniture, " one half of the net proceeds arising from keeping the house as a hotel."

Whatever doubts may formerly have existed as to the effect of an arrangement like that made in the present case, entitling

the lessee to receive, as a compensation for the use of his property or capital stock, one moiety of the net proceeds arising from the business transacted, that question seems now fully settled at least in this commonwealth.

It is no longer true that receiving one half of the profits, or one half the net profits, arising from articles manufactured and sold, or resulting from business in which one furnishes the stock in trade and another performs the labor, necessarily creates a partnership. It is always competent to look at the particular circumstances of the case, and ascertain thereby whether it may not be merely a compensation to a party for his labors and services, or for furnishing the raw materials, or a mill privilege, or a factory, from which the other is to earn profits. Story on Part. § 36.

This question was very fully considered in the case of *Denny v. Cabot*, 6 Met. 82, where it is said by Judge Wilde, in delivering the opinion of the court, " where a party is to receive a compensation for his labor, in proportion to the profits of the business, without having any specific lien upon such profits, to the exclusion of other creditors, there seems to be no reason for holding him liable as a partner, even to third persons." 6 Met. 92.

That case was followed by *Bradley v. White*, 10 Met. 303, where the question arose upon an agreement that A should furnish the goods for a store, and pay all expenses, and B should transact the business of the store, and receive half the profits for so doing; and it was held, that this did not constitute B a partner, and that he was not liable to a creditor who had furnished goods for such store.

It may be further remarked, that in relation to contracts for the chartering of vessels, where it was stipulated that the owner of the vessel should receive a certain percentage on the profits of the voyage, it was early held that such an interest in the profits did not constitute a partnership. *Reynolds v. Toppan*, 15 Mass. 373. *Cutler v. Winsor*, 6 Pick. 335.

In looking at the particular contract existing between these parties, it is quite obvious that no partnership was contemplated by them. It was a part of the stipulation, clearly expressed,

that the labor and expenditures in carrying on the hotel were matters solely in the hands of Parker and Tribou, and all bills were to be paid by them. The articles bought by them were their own property, as were all moneys received from the guests of the house, and the Old Colony Railroad Corporation had no right or authority over either. It seems to us to have been, on the part of the Old Colony Railroad Corporation, a mere leasing of the house and furniture, but making the rent of the former to depend wholly upon the success of the establishment. If no profits were realized, they would receive no rent; but, beyond this, they were not to be affected by the losses that might occur in the keeping of the hotel.

The agreement on the part of Parker and Tribou to keep exact accounts of all receipts and expenditures, which should be open to the inspection of the corporation, was a proper arrangement to carry out the fulfilment of the stipulation to pay one half of the net proceeds arising from keeping the house, for rent of the same, and does not necessarily import any partnership in the proceeds thus received by Parker and Tribou.

Applying to the present case the legal principles so fully settled in the cases above referred to, the court are of opinion that this action cannot be maintained against the Old Colony Railroad Corporation. *Judgment for the defendants.*